■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PEARSON, Appellant.—Appeals by defendant from (1) an amended judgment of the Supreme Court, Richmond County, rendered June 29, 1976, which, upon his plea of guilty to a charge of violating probation, (a) revoked the sentence of probation previously imposed upon his conviction of attempted possession of a dangerous drug in the fourth degree and (b) resentenced him to an indeterminate period of imprisonment not to exceed four years, and (2) (by permission) an order of the same court, entered November 18, 1977, which denied defendant's *pro se* motion to set aside the sentence imposed on June 29, 1976. Amended judgment and order reversed, on the law, motion granted and matter remanded to Criminal Term for resentencing. On June 21, 1973 the defendant was sentenced, upon his plea of guilty to attempted possession of a dangerous drug in the fourth degree, to a five-year period of probation. Subsequently, on June 29, 1976, the defendant pleaded guilty to a violation of probation, and was sentenced to an indeterminate period of imprisonment not to exceed four years. In April, 1977 the defendant brought a *pro se* motion to set aside the sentence of June 29, 1976 on the ground that the underlying sentence of probation was illegal. This motion was denied as moot. The defendant appeals from the judgment rendered June 29, 1976, and, by permission of this court, from the order denying his motion to set aside the sentence imposed on that date. We agree that the

original sentence of probation was not authorized by the then controlling statute (see Penal Law, former § 60.15). Necessarily, the subsequent conviction for violation of probation may not be sustained. In denying defendant's motion to set aside the sentence, Criminal Term recognized the infirmity of the initial sentence of probation, but determined that the sentence of June 29, 1976 constituted the requisite resentencing. The more proper procedure is to formally vacate the illegal sentence of probation and to resentence the defendant. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.